UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SAKHON JAROEN SAKHON, | ) | |
| | ) | CASE NO. C11-2107-MJP-MAT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ICE FIELD OFFICE DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Sakhon Jaroen Sakhon has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention without bond. (Dkt. No. 7.) He requests that the Court order respondent to either grant him supervised release or hold a bond hearing. *Id*. at 6. Respondent has filed a motion to dismiss, arguing that petitioner has already received a *Prieto* bond hearing and, therefore, his petition is moot and should be dismissed. (Dkt. No. 11.)

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, and respondent's motion to dismiss be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Thailand, who entered the United States on April 9, 1991, on a C1 visa that authorized him to remain in the country for a temporary period not to exceed twenty-nine days. (Administrative Record ("AR") at L6.) Petitioner failed to leave the United States by the date specified in the C1 visa, and, by remaining in the United States without authorization, became removable under 8 U.S.C. § 1227(a)(1)(B). *Id*.

On December 13, 2004, petitioner was convicted of driving under the influence ("DUI") and was sentenced to one year in prison, suspended, two years probation, and fined. (AR L18.) On January 7, 2005, petitioner was convicted of another DUI and was sentenced to one year in prison, suspended, and fined. *Id*. On August 3, 2010, petitioner was convicted of another DUI and was sentenced to one year in prison, and fined. *Id*.

On March 25, 2011, the Department of Homeland Security ("DHS") arrested petitioner and served him with a Notice to Appear, charging him with removability for having remained in the United States for a time longer than permitted. (AR L2-6.) DHS notified petitioner that it had determined he would be detained without bond pending the outcome of his removal proceedings. (AR L3.) Petitioner received a bond hearing before an immigration judge ("IJ") who denied bond. (AR L38.)

On August 2, 2011, an IJ denied petitioner's applications for cancellation of removal, asylum, withholding of removal, and for protection under the Convention Against Torture, but granted his request for voluntary departure until September 1, 2011, conditioned upon the posting of a $500 bond, with an alternate order of removal to Thailand. (AR L137-39.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which

affirmed the IJ's removal order and dismissed the appeal on October 21, 2011.  (AR L195-97.)  The BIA declined to reinstate the voluntary departure period and ordered petitioner removed from the United States to Thailand pursuant to the IJ's alternate order.  (AR L195.)  On October 28, 2011, petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for stay of removal.  (AR L199.)  Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this triggered an automatic stay of removal.  Petitioner's appeal remains pending in the Ninth Circuit.

On November 29, 2011, petitioner was provided a bond hearing before an IJ pursuant to *Prieto-Romero v. Gonzales*, 534 F.3d 1053, 1059 (9th Cir. 2008).  The IJ ordered petitioner's bond to remain at no bond.  (AR L200.)  On December 8, 2011, petitioner appealed the IJ's bond decision to the BIA, which remains pending.  (AR R314; Dkt. No. 15 at 3 n.1.)  On December 15, 2011, petitioner filed the instant habeas petition challenging the lawfulness of his continued detention without bond.  (Dkt. No. 1.)

### III.   DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Although [8 U.S.C.] § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law."  *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see also Demore v. Kim*, 538 U.S. 510, 516-17 (2003).  The Court, therefore, has habeas jurisdiction to review petitioner's *Prieto* bond determination for constitutional and legal error.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. 8 U.S.C. § 1226. Section 1226(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . .

8 U.S.C. § 1226(a).

Once removal proceedings have been completed, the authority for the detention and release of aliens shifts to 8 U.S.C. § 1231. Section 1231(a)(1)(A) states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. 8 U.S.C. § 1231(a)(2).

The determination of when an alien becomes subject to detention under Section 1231 rather than Section 1226 is governed by Section 1231(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Pursuant to Section 1231(a)(1)(B)(ii), where a court issues a stay pending its review of an administrative removal order, the alien continues to be detained under § 1226 until the court renders its decision. *See Casas-Castrillon v. DHS,* 535 F.3d 942, 948 (9th Cir. 2008); *Prieto-Romero*, 534 F.3d at 1059. Consequently, ICE has continued authority to detain petitioner pursuant to Section 1226(a).

In *Prieto-Romero* and *Casas-Castrillon*, the Ninth Circuit held that an alien detained in immigration custody under Section 1226(a) pending judicial review of a final removal order is entitled to a bond hearing before an immigration judge, and an opportunity to appeal that determination to the BIA. *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1065-66. As the Ninth Circuit held in *Casas-Castrillon*, Section 1226(a) does not authorize prolonged detention without adequate procedural protections. *See Casas-Castrillon*, 535 F.3d at 950-51. "Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,' [the Ninth Circuit] h[e]ld that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with such a hearing." *Id*. at 951. "Thus an alien is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a danger to the community.'" *Id*. (citing *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996)). The Ninth Circuit has clarified that due process requires the government to prove by "clear and convincing evidence that an alien is a flight risk or will be a danger to the community" to justify the denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

In the present case, petitioner was afforded a *Prieto* bond hearing before an IJ on November 29, 2011, and was denied release on bond. (AR L200.) Respondent argues that because petitioner has been given a bond hearing before a neutral arbitrator, the requirements of due process have been met and his habeas petition should be dismissed as moot. (Dkt. No. 11 at 6.) Petitioner does not dispute that he was afforded a *Prieto* bond hearing. However, he contends that the immigration judge neither stated nor applied the correct legal standard in determining that petitioner would be a flight risk or a danger to the community. (Dkt. No. 14 at 11.)

The Ninth Circuit has recently held that district courts should dismiss a habeas petition if the petitioner has failed to first exhaust his administrative remedies. *Leonardo*, 646 F.3d at 1160. In *Leonardo*, the Court of Appeals determined that aliens who have received a bond hearing before an IJ, must exhaust their administrative remedies by filing an appeal of the IJ's adverse bond determination to the BIA. *Id*. "If they remain dissatisfied, they may file a petition for writ of habeas corpus in the district court." *Id*. (citing *Singh*, 638 F.3d at 1200-03). They may then appeal to the Ninth Circuit Court of Appeals. *Id*.

Here, as in *Leonardo*, petitioner pursued habeas review of the IJ's adverse bond determination before the BIA rendered its decision. Petitioner should have first exhausted his administrative remedies before raising legal claims in his habeas petition when those claims are reviewable by the BIA on appeal. *Leonardo*, 646 F.3d at 1160. Because petitioner failed to exhaust his administrative remedies, this matter should be dismissed without prejudice until petitioner has exhausted his remedies. Once the BIA renders its decision, he may file a new habeas corpus action, if necessary, challenging the BIA's decision. *Id.* at 1161.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 5th day of April, 2012.

Mary Alice Theiler
United States Magistrate Judge